UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

NICHOLAS L. PULLANO, JR. and
LORRAINE E. PULLANO,

                       Plaintiffs,

                                                                      **DECISION AND ORDER**
                                                                           05-CV-135A

       v.

OLD CARCO LIQUIDATION TRUST,

                       Nominal Defendant.

_____

**I.    INTRODUCTION**

Pending before the Court is a motion by nominal defendant Old Carco Liquidation Trust ("Old Carco") to return this case to this Court for trial and to declare that Magistrate Judge Leslie G. Foschio lacks jurisdiction to conduct the trial. Old Carco insists in its motion papers that it is not seeking to vacate the Court's previous referral by way of 28 U.S.C. § 636(c)(4). Rather, Old Carco asks for reconsideration of the referral on consent (Dkt. No. 189) that the Court had issued under Rule 73 of the Federal Rules of Civil Procedure ("FRCP") and *Roell v. Withrow*, 538 U.S. 580 (2003). Old Carco argues that an FRCP 73 referral can occur only when all parties give explicit consent to proceed before a magistrate judge. Because Old Carco never gave explicit consent, it concludes that the FRCP 73 referral is void *ab initio* and never should have issued.

Although Old Carco filed the pending motion on August 12, 2011, the Court became aware of it only recently because the FRCP 73 referral removed it from the list of recipients of notices for electronic filings. Additionally, Old Carco neither listed this Court in its notice of motion nor notified this Court that it had filed the motion. Nevertheless, the Court now is aware of the pending motion and has deemed it submitted on papers pursuant to FRCP 78(b). For the reasons below, the Court denies the motion.

## II. BACKGROUND

This personal injury case has a long and complicated procedural history that the Court will not repeat here beyond what is necessary to resolve the pending motion. The original substance of the case concerned plaintiffs' claim that their 1992 Jeep Cherokee Limited was defective for lacking a safety system that would prevent the vehicle from being jump started at the solenoid. Plaintiff Nicholas Pullano jump started the vehicle at the solenoid on September 19, 2003, which allegedly caused the vehicle to slip into forward gear and run him over, leaving him a quadriplegic. Plaintiffs commenced this case on March 1, 2005 against the manufacturer of the vehicle, Chrysler Corporation ("Chrysler").[1] The case proceeded through discovery for a few years until Chrysler filed a suggestion of bankruptcy on May 6, 2009 (Dkt. No. 140). Chrysler notified the

---

[1] Technically, plaintiffs originally named three corporate entities connected to Chrysler: Chrysler Corporation, Daimlerchrysler AG, and Daimlerchrysler Corporation. The Court will refer to these entities collectively as "Chrysler."

Court that it filed for Chapter 11 reorganization in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").  This Court stayed the case in light of the bankruptcy filing, pursuant to 11 U.S.C. § 362.

The bankruptcy stay lasted for a little over a year.  On August 3, 2010, plaintiffs filed a notice with this Court that the Bankruptcy Court lifted the stay in part "solely for the limited purpose of permitting [them] to seek and obtain documents from the Liquidation Trust [*i.e.*, Old Carco] concerning" any applicable insurance policies that might cover their claims in this case.  (Dkt. No. 143 at 5.)  This Court reopened the case and reinstated the prior FRCP 72 referral to Magistrate Judge Foschio to the extent that it had expired.  Proceedings resumed before Magistrate Judge Foschio, with Old Carco appearing in place of Chrysler.

Although Old Carco replaced Chrysler for practical purposes for the remainder of this case, it had not yet replaced Chrysler formally in the caption.  Accordingly, plaintiffs filed a motion on June 8, 2011 (Dkt. No. 176) for formal substitution of Old Carco as sole and nominal defendant.  In the same motion, plaintiffs also asked the Court to adopt a Report and Recommendation from Magistrate Judge Foschio that was pending prior to the bankruptcy filing; Magistrate Judge Foschio had recommended denying Chrysler's motion for summary judgment.  Importantly, this same motion from plaintiffs further asked the Court for a permanent FRCP 73 referral to Magistrate Judge Foschio for all future proceedings including trial.  The docket indicates that Old Carco's

attorneys at the time, Veerle Roovers of Jones Day and John Sinatra of Hodgson Russ, received electronic notice of the filing of the motion.  Old Carco's attorneys also received notice of the papers that plaintiffs filed in support of the motion, which included the following statement regarding a potential FRCP 73 referral:

> It is respectfully requested that the Court assign this action to Judge Foschio for all purposes including trial.  During the March 31, 2011 conference, Judge Foschio reminded the parties that this option is a possibility for the future handling of this matter.  *See*, transcript of status conference, Exh. "B," at 22-23.  While counsel for Old Carco Liquidation Trust did not stipulate directly to the assignment of this action to Judge Foschio, they have advised us that it is acceptable for us to represent that Old Carco Liquidation Trust does not take any position with respect to assigning this action to Judge Foschio.  We respectfully submit that under the unique circumstances presented by the bankruptcy proceedings, and pursuant to the authority cited in the accompanying Memorandum of Law, the defendant's consent to the referral may be inferred.
> We also have provided counsel for Old Carco Liquidation Trust with a draft of this Declaration and accompanying Memorandum of Law before submitting it to the Court.

(Dkt. No. 177 ¶¶ 17–18.)

To give Old Carco an opportunity to respond to plaintiffs' motion, including the request for an FRCP 73 referral, the Court issued a Text Order on June 10, 2011 that gave Old Carco until June 24, 2011 to file responding papers.  (Dkt. No. 180.)  That same Text Order scheduled oral argument on the motion for July 14, 2011.  On June 24, 2011, Old Carco filed a response to plaintiffs' motion containing two assertions.  First, Old Carco agreed with plaintiffs' proposed amendment to the caption of the case.  Second, Old Carco made the following

statement with respect to all other aspects of plaintiffs' motion, including the request for an FRCP 73 referral:

> The Liquidation Trust, being a nominal defendant in this matter, does not take a position with respect to the remainder of Plaintiffs' requests for relief in the Motion, nor does the Liquidation Trust take a position regarding the terms, conditions or availability of any insurance coverage with respect to Plaintiffs' claims.

(Dkt. No. 181 ¶ 3.) Old Carco went one step further in consenting to an FRCP 73 referral, filing a second notice on July 11, 2011 that contained the following statement:

> Given its limited role as a nominal defendant in this action in accordance with the Bankruptcy Court's Confirmation Order, the Liquidation Trust hereby provides notice of its intention (a) not to participate in (i) the Oral Argument or (ii) any further oral arguments or hearings and (b) not to make any further appearances in this matter unless this Court orders or requests otherwise.
> Therefore, and unless the Court orders or requests otherwise, the nominal defendant the Liquidation Trust will respectfully (a) not participate in the Oral Argument and (b) not make any further appearances in this matter.

(Dkt. No. 187 ¶¶ 4–5.)

With Old Carco signing off on all of plaintiffs' requested relief, the Court held oral argument on July 14, 2011 and subsequently issued an Order on July 19, 2011 (Dkt. No. 189) that granted plaintiffs' motion in its entirety. The Court had concluded that Old Carco was fully aware of and fully agreeable with an FRCP 73 referral to Magistrate Judge Foschio, and that Old Carco insisted formally on taking "no position" on plaintiffs' motion for technical reasons

5

pertaining to ongoing bankruptcy proceedings before the Bankruptcy Court. The Court decided, though, that just in case Old Carco would try to use its "no position" language to maneuver out of any adverse rulings from Magistrate Judge Foschio—a concern reified by the filing of the pending motion—the Court cited to *Roell* in its Order to set forth that Old Carco's conduct constituted consent.

After the FRCP 73 referral took effect, the parties made several decisions that look like maneuvers for strategic advantage. On August 4, 2011, Old Carco filed a motion to substitute its former attorneys with new counsel. That same day, the parties appeared before Magistrate Judge Foschio for a status conference to set a trial date. Old Carco's new counsel appeared at that status conference. Plaintiffs expressed interest in waiving their right to a jury trial, to conduct a bench trial before Magistrate Judge Foschio. After receiving an opportunity to address the issue in writing, Old Carco filed a letter (Dkt. No. 198) on August 8, 2011 asserting that plaintiffs had demanded a jury trial in their complaint. According to Old Carco, plaintiffs' demand meant that FRCP 38(d) applied and prevented any conversion to a bench trial unless Old Carco consented, which it would not. On top of its refusal to consent to a bench trial, Old Carco filed the pending motion for reconsideration on August 12, 2011. In the motion, Old Carco asserts that its "no position" stance on plaintiffs' motion for an FRCP 73 referral does not constitute consent and that *Roell* does not apply to the circumstances that have unfolded. Additionally, even though Old Carco never raised this issue when

plaintiffs' FRCP 73 motion was filed and under consideration, new counsel decided to take offense to plaintiffs' motion by including the following statement in its papers for the pending motion:

> It is unfortunate that District Judge Arcara and Magistrate Judge Foschio must learn that, while Plaintiffs have consented to the referral, Old Carco did not.  Yet, it is beyond dispute that the present situation has occurred only because of the plaintiffs' counsel's improper course of action, which sought referral by *both correspondence and motion* without ever obtaining a stipulation or other *affirmative* act of consent from Old Carco.

(Dkt. No. 201-1 ¶ 27.)

Plaintiffs have not responded to the pending motion, but the Court has decided that a response is not necessary.

## III.    DISCUSSION

Since Old Carco argues that the FRCP 73 referral never took effect, the pending motion best falls under FRCP 60(b).  "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect . . . or any other reason that justifies relief."  FRCP 60(b)(1, 6).  "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.* 70 F.3d 255, 257 (2d Cir. 1995) (citation omitted).  Relief under FRCP 60(b) is discretionary.

*See Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 126 (2d Cir. 2009) ("Rule 60(b) provides a mechanism for extraordinary judicial relief [available] only if the moving party demonstrates exceptional circumstances, and relief under the rule is discretionary.") (alteration in the original) (internal quotation marks and citations omitted).

      Here, Old Carco has failed to point to any factual circumstances or any overlooked legal authority that would warrant revisiting the prior FRCP 73 referral. Old Carco was fully on notice of plaintiffs' motion for the referral. If Old Carco had not been on notice or had met plaintiffs' motion with silence then the Court might have hesitated to make the FRCP 73 referral because it would not have known what Old Carco thought about the request. Instead, Old Carco received the motion and filed not one, but two affirmative responses to it. The responses set forth that Old Carco knew about the requests in plaintiffs' motion, made no opposition to the requests, and would not even make further appearances regarding those requests unless the Court ordered otherwise. *Cf. Chambless v. Louisiana-Pacific Corp.*, 481 F.3d 1345, 1351 (11th Cir. 2007) (inferring consent "from a litigant aware of the need to consent" who continued to participate in pretrial proceedings). Allowing Old Carco to argue now that it did not consent to an FRCP 73 referral would mean that Old Carco could play coy with the phrase "no position" despite the opportunity to oppose plaintiffs' motion in person and in writing. *Cf. Roell*, 538 U.S. at 590 ("We think the better rule is to accept implied

consent where, as here, the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the Magistrate Judge. Inferring consent in these circumstances thus checks the risk of gamesmanship by depriving parties of the luxury of waiting for the outcome before denying the magistrate judge's authority."); *Astra USA, Inc. v. Bildman*, 375 Fed. App'x 129, 132 (2d Cir. 2010) (unpublished) ("By appearing without objection before Magistrate Judge Conroy and filing various submissions with the court, including a motion for summary judgment, after receiving notice of the case reassignment, defendants—who had been advised of their right to decline to have their case resolved by a magistrate judge—implicitly consented to Magistrate Judge Conroy's exercise of jurisdiction."); *Baker v. Socialist People's Libyan Arab Jamahirya*, ___ F. Supp. 2d ___, 2011 WL 3855855, at *5 (D.D.C. Sept. 1, 2011) (inferring consent where defaulting defendants nevertheless "were, however, on notice regarding the proceedings" and where they "have chosen to 'sit back and wait,' seeking to vacate the judgment after eight years of litigation and a full evidentiary hearing because the judgment 'was not to their liking.' Such a strategy is the gamesmanship that the Supreme Court condemned in *Roell*."). Under these circumstances, Old Carco has signaled through its conduct that it will proceed before Magistrate Judge Foschio, who has been familiar with the case for years and is in an excellent position to preside over the case to its conclusion. The Court thus will not disturb its prior FRCP 73 referral.

## IV.    CONCLUSION

For all of the foregoing reasons, the Court denies Old Carco's motion for reconsideration (Dkt. No. 201).

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: September 27, 2011